IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MANDAN, HIDATSA, AND ARIKARA NATION, | ) ) ) | Civ. No. 1:20-cv-1918-ABJ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR; DAVID L. BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior, and DANIEL H. JORJANI, in his official capacity as Solicitor of the United States Department of the Interior, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| STATE OF NORTH DAKOTA, | ) ) | |
| Intervenor-Defendant. | ) | |

---

### Intervenor-Defendant State of North Dakota's Answer to Complaint

The State of North Dakota hereby responds to the allegations in the Complaint, Dkt. Nos. 1, 3-1, filed by Plaintiff Mandan, Hidatsa, and Arikara Nation ("Tribes").

In its Motion to Intervene, the State requested intervention only as to Count One of the Complaint. Dkt. No. 10. The Court granted the motion. Dkt. No. 15. Paragraphs in the Complaint relevant to Count One are paragraphs 1-69 and the

1

Prayer for Relief. The Complaint's remaining paragraphs, 70-89, pertain to Counts Two, Three, and Four, to which the State does not respond in this Answer because its intervention is presently limited to Count One. The numbered paragraphs 1-69 below correspond to paragraphs 1-69 of the Complaint. The State does not specifically respond to the Complaint's section headings, but to the extent those headings expressly or implicitly make substantive legal or factual allegations, the State denies the allegations. The State denies all allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified below.

1. The allegations in this paragraph are the Tribes' characterizations of its claims to which no response is required. To the extent a response is required, the State denies the allegations, and specifically denies the allegations that the Jorjani M-Opinion is arbitrary and unlawful and that it contravenes eighty years of DOI precedent.

2. The State answers that the present Reservation was set aside for the Tribes via a treaty ratified in 1891.  The remaining allegations in this paragraph are conclusions of law.  To the extent a response is required, the State denies the allegations.

3. The State admits that in 1936 the Solicitor issued an M-Opinion, which speaks for itself and is the best evidence of its contents.  The remaining allegations in this paragraph characterize the 1936 M-Opinion, which

require no response.  Any allegations contrary to its plain meaning, language, and context are denied.

4.   The State admits the allegations in this paragraph, except that the State denies that the acreage to which the United States took title included the riverbed and underlying minerals.

5.   The State admits that the Interior Board of Land Appeals ("IBLA") issued an opinion in *Impel Energy Corp.,* 42 IBLA 105 (Aug. 16, 1979).  That opinion speaks for itself.  The remaining allegations in this paragraph constitute the Tribes' interpretation of the *Impel Energy Corp.* opinion and do not require a response.  To the extent a response is required, the State denies that this paragraph completely and accurately characterizes and describes the cited IBLA opinion, and denies any allegations inconsistent with it.

6.   The State admits the allegations in this paragraph, except the allegation that the *Impel* decision is *res judicata*.  The State further responds that the Bureau of Land Management ("BLM") could not seek judicial review of the *Impel* decision, and that the Tribes were not parties to the *Impel* case.

7.   The allegations in this paragraph are conclusions of law and characterize a 1984 act of Congress, which speaks for itself. To the extent a response is required, any allegations contrary to the act's plain meaning, language, and context are denied. The State further denies that the act restored the

Missouri riverbed or underlying minerals to the Tribes because they never belonged to the Tribes and nor had they been taken.

8.   The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies them.

9.   The State denies the allegation that *Impel Energy* is a binding decision, but admits the remaining allegations in this paragraph.

10.   The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies them.

11.   The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies them.

12.   The allegations in this paragraph are the Tribes' characterizations of its claims to which no response is required. To the extent a response is required, the State denies the allegations.

13.   The State admits that in 2017 the Solicitor issued an M-Opinion, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to the 2017 M-Opinion's plain meaning, language, and context are denied.

14.   The State admits that in 2020 the Solicitor issued an M-Opinion, which speaks for itself and is the best evidence of its contents. To the extent a

response is required, any allegations contrary to the 2020 M-Opinion's plain meaning, language, and context are denied.

15. The allegations in this paragraph are legal conclusions. To the extent a response is required, the State denies the allegations.

16. The allegations in this paragraph are legal conclusions. To the extent a response is required, the State denies the allegations.

17. The allegations in this paragraph are legal conclusions. To the extent a response is required, the State denies any allegations inconsistent with the cited statute.

18. The allegations in this paragraph are legal conclusions.  To the extent a response is required, the State denies any allegations inconsistent with the cited statute.

19. The State admits the allegations in this paragraph.

20. The State admits that the Department of the Interior is an agency of the United States government, and is generally responsible for administering Tribal lands. The remaining allegations in this paragraph consist of the Tribes' characterization of their case and are conclusions of law. To the extent that a response is required, the State denies the allegations.

21. The State admits the allegations in this paragraph.

22. The State admits the allegations in this paragraph.

23. The State denies the allegations in this paragraph.

24.     The State lacks knowledge and information sufficient to form a belief as to
        the truth of the allegations in this paragraph, and, on that basis, denies
        them. To the extent the allegations characterize or quote treaties, the
        treaties speak for themselves and are the best evidence of their contents.
        To the extent that a response is required, any allegations contrary to the
        treaties' plain meaning, language, and context are denied.

25.     The State lacks knowledge and information sufficient to form a belief as to
        the truth of the allegations in this paragraph, and, on that basis, denies
        them. To the extent the allegations characterize or quote a treaty, the
        treaty speaks for itself and is the best evidence of its contents. To the extent
        that a response is required, any allegations contrary to the treaty's plain
        meaning, language, and context are denied.

26.     The State lacks knowledge and information sufficient to form a belief as to
        the truth of the allegations in this paragraph, and, on that basis, denies
        them. To the extent the allegations characterize or quote an Executive
        Order, the Order speaks for itself and is the best evidence of its contents. To
        the extent that a response is required, any allegations contrary to the
        Order's plain meaning, language, and context are denied. The State further
        denies that the cited Order included the Missouri riverbed within the
        Reservation boundaries.

27.     The State lacks knowledge and information sufficient to form a belief as to
        the truth of the allegations in this paragraph, and, on that basis, denies

them. To the extent the allegations characterize an Executive Order, the Order speaks for itself and is the best evidence of its contents. To the extent that a response is required, any allegations contrary to the Order's plain meaning, language, and context are denied.

28. The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies them. To the extent the allegations characterize Executive Orders, the Orders speak for themselves and are the best evidence of their contents. To the extent that a response is required, any allegations contrary to the Orders' plain meaning, language, and context are denied. The State further denies that the cited Orders included the Missouri riverbed within the Reservation boundaries.

29. The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph regarding unspecified Congressional action, and, on that basis, denies them.

30. The allegations in this paragraph characterize an agreement and Congressional act, which speak for themselves and are the best evidence of their contents. To the extent that a response is required, any allegations contrary to their plain meaning, language, and context are denied.

31. The allegations in this paragraph are conclusions of law and characterize the North Dakota Constitution, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any

allegations contrary to the State Constitution's plain meaning, language, and context are denied. The State further denies that the State Constitution disclaimed any right and title to the riverbed and underlying minerals.

32. The State admits the allegations in this paragraph, except that the State denies that the acreage to which the United States took title included the riverbed and underlying minerals.

33. The allegations in the first sentence of this paragraph characterize a statute, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to the statute's plain meaning, language, and context are denied. The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second and third sentences, and, on that basis, denies them. The State further denies that the riverbed and underlying minerals were included in the Taking Area or were previously owned by the Tribes.

34. The State admits that significant oil and gas resources are located beneath the Reservation. The State lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and, on that basis, denies them.

35. The allegations in this paragraph characterize a statute, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to the statute's plain meaning, language,

and context are denied. The State denies that the statute restored the Missouri riverbed or underlying minerals to the Tribes because they never belonged to the Tribes and nor had they been taken.

36. The State admits that in 1936 the Solicitor issued an M-Opinion, which speaks for itself and is the best evidence of its contents. The remaining allegations in this paragraph characterize the 1936 M-Opinion. To the extent a response is required, any allegations contrary to the 1936 M-Opinion's plain meaning, language, and context are denied.

37. The State admits the allegations in the first sentence of this paragraph. The State denies that the second sentence of this paragraph completely and accurately characterizes and describes BLM's position in that case. The State further answers that the BLM's position pertained to the leases at issue.

38. The State admits Impel appealed to the IBLA and that the State intervened. The State denies that the remaining allegations in this paragraph completely and accurately characterize and describe Impel's and the State's arguments in that case.

39. The allegations in this paragraph characterize the IBLA's *Impel* decision, which speaks for itself and is the best evidence of its contents. To the extent a response is required, the State denies that the allegations in this paragraph completely and accurately characterize and describe the IBLA decision, and denies any allegations inconsistent with the decision.

40. The State denies the allegations in this paragraph.

41. The State admits the allegations in the first sentence of this paragraph. The State denies the allegations in the second sentence of this paragraph.

42. The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies them.

43. The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies them.

44. The allegations in the first sentence are conclusions of law and characterize a statute, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to the statute's plain meaning, language, and context are denied. The State denies remaining allegations in this paragraph. The State further denies that the 1949 Taking Act took any minerals under the bed of the Missouri River, denies that the Tribe had a mineral estate under that riverbed when the 1949 Taking Act was enacted, denies that the 1984 Restoration Act restored or conveyed any riverbed minerals to the Tribe, and denies that the United States holds the riverbed minerals in trust for the Tribes.

45. The State denies the allegations in this paragraph.

46. The State denies the allegations in this paragraph.

47.   The allegations in this paragraph are conclusions of law and characterizes a statute and regulation, which speak for themselves and are the best evidence of their contents. To the extent a response is required, any allegations contrary to their plain meaning, language, and context are denied. The State further denies that the federal obligations alleged in this paragraph apply to minerals under the bed of the Missouri River.

48.   The allegations in this paragraph are conclusions of law and characterize statutes and regulations, which speak for themselves and are the best evidence of their contents. To the extent a response is required, any allegations contrary to their plain meaning, language, and context are denied. The State further denies that the federal obligations alleged in this paragraph apply to minerals under the bed of the Missouri River.

49.   The allegations in this paragraph are conclusions of law and characterize statutes and regulations, which speak for themselves and are the best evidence of their contents. To the extent a response is required, any allegations contrary to their plain meaning, language, and context are denied. The State further denies the federal obligations alleged in this paragraph apply to minerals under the bed of the Missouri River.

50.   The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence about Tribal requests, and, on that basis, denies them. The State denies the allegations in this

paragraph that the Tribes own or have a property interest in the riverbed minerals.

51. The allegations in this paragraph characterize a letter, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to the letter's plain meaning, language, and context are denied.

52. The allegations in this paragraph characterize a letter, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to the letter's plain meaning, language, and context are denied.

53. The allegations in this paragraph characterize an oral address, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to its plain meaning, language, and context are denied. The State further lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies them.

54. The State denies this paragraph's allegations that the Tribes own the bed of the Missouri River and minerals underlying the riverbed, and the allegations that DOI owes duties to the Tribes regarding the riverbed and underlying minerals.  The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the paragraph about what DOI has failed to do or refused to do, and, on that basis, denies them.

55.   The State admits that in 2017 the Solicitor issued an M-Opinion, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to the 2017 M-Opinion's plain meaning, language, and context are denied.

56.   The allegations in this paragraph characterize the 2017 M-Opinion, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to the 2017 M-Opinion's plain meaning, language, and context are denied. The State further denies that the 1949 Taking Act took any minerals under the bed of the Missouri River, denies that the Tribes have an estate or interest in those riverbed minerals when the 1949 Taking Act was enacted, denies that the 1984 Restoration Act restored or conveyed any riverbed minerals to the Tribes, denies that the allegation that the Tribes have always owned the riverbed, and denies that  the two options for ownership of the riverbed described in this paragraph are the only options for ownership.

57.   The State admits that in 2017 it asked DOI to re-examine the 2017 M-Opinion, and that it sought to re-start the settlement discussions that had begun in 2016 and involved DOI, the State, and the Tribes, but which were abandoned by DOI without notice or explanation to the State before issuance of the 2017 M-Opinion two days prior to the change in Administration. The allegations in this paragraph also characterize unspecified communications, which speak for themselves.  The State denies

the allegation that its communications with DOI sought "to take the MHA Nation's valuable mineral interests." The State further answers that those communications sought to reach "an amicable resolution to the title question," AR 000086, and, that because the State denies the Tribes own minerals under the bed of the Missouri River, the State denies its communications sought to "take" anything from the Tribes. The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph, and, on that basis, denies them.

58. The allegations in this paragraph characterize a 2018 M-Opinion, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to the 2018 M-Opinion's plain meaning, language, and context are denied.

59. The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies them.

60. The State lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies them.

61. The State admits that in 2020 the Solicitor issued an M-Opinion, which speaks for itself and is the best evidence of its contents. To the extent a

response is required, any allegations contrary to the 2020 M-Opinion's plain meaning, language, and context are denied.

62. The allegations in this paragraph characterize the 2020 M-Opinion, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to the 2020 M-Opinion's plain meaning, language, and context are denied.

63. The allegations in this paragraph are conclusions of law. To the extent a response is required, the State denies the allegations.

64. The State incorporates by reference all its responses set forth in this Answer.

65. The State denies the allegations in this paragraph.

66. The allegations in this paragraph are conclusions of law and characterize a statute, which speaks for itself and is the best evidence of its contents. To the extent a response is required, any allegations contrary to the statute's plain meaning, language, and context are denied.

67. The State denies the allegations in this paragraph.

68. The State denies the allegations in this paragraph.

69. The State denies the allegations in this paragraph.

Regarding the Tribes' "Prayer for Relief," no response is required. To the extent a response is required, the State denies that the Tribes are entitled to the relief requested or to any relief whatsoever from this Court.

October 2, 2020.

STATE OF NORTH DAKOTA
WAYNE STENEHJEM
ATTORNEY GENERAL

By: */s/ Nessa Horewitch Coppinger*
Nessa Horewitch Coppinger
DC Bar No. 477467
James Auslander (*Notice of Appearance Pending*)
DC Bar No. 974898
Peter Schaumberg (*Notice of Appearance Pending*)
DC Bar No. 913202
Special Assistant Attorneys General
1350 I St. NW, Suite 700
Washington, DC 20005
Telephone: (202) 789-6053
Email: ncoppinger@bdlaw.com
       jauslander@bdlaw.com
       pschaumberg@bdlaw.com

*Attorneys for Intervenor-Defendant*
*State of North Dakota.*

## CERTIFICATE OF SERVICE

I, hereby certify that on October 2, 2020, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, and copies will be sent electronically to the

registered participants as identified in the Notice of Electronic Filing.

*/s/ Nessa Horewitch Coppinger*
Nessa Horewitch Coppinger (477467)